

FILED & JUDGMENT ENTERED
Steven T. Salata

October 26 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LTL MANAGEMENT LLC[1], | CASE NO. 21-30589 |
| Debtor. | |
| LTL MANAGEMENT LLC. | |
| Plaintiff, | |
| v. | Adversary Proceeding No. 21-03032 |
| THOSE PARTIES LISTED ON APENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | |
| Defendant. | |

**ORDER REGARDING DEBTOR'S MOTIONS FOR AN ORDER
(I) DECLARING THE AUTOMATIC STAY APPLIES TO CERTAIN ACTIONS
AGAINST NON-DEBTORS OR (II) PRELIMINARILY ENJOINING SUCH
ACTIONS, AND (III) GRANTING A TEMPORARY RESTRAINING ORDER
PENDING A FINAL HEARING**

This matter coming before the Court on the *Complaint for Declaratory and Injunctive*

*Relief (I) Declaring the Automatic Stay Applies to Certain Actions Against Non-Debtors or (II)*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

*Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing* (the "Complaint") and the *Debtor's Motion for an Order (I) Declaring the Automatic Stay Applies to Certain Actions Against Non-Debtors or (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Retaining Order Pending a Final Hearing* (the "Motions")[2], both filed by the above-captioned debtor (the "Debtor"); the Court having reviewed (a) the Complaint, (b) the Motions, (c) the *Supplemental Declaration of John K. Kim in Support of the Debtor's Complaint for Declaratory and Injunctive Relief and Related Motions* (the "Supplemental Kim Declaration") and (d) the *Declaration of John K. Kim in Support of First Day Pleadings* [DE 5] (the "First Day Declaration") filed in the Debtor's main Chapter 11 case (Case No. 21-30589-5-JCW), together with any responses or answers to the Motions or the Complaint; and having heard the arguments of counsel and considered the evidence presented at bifurcated proceedings held on October 20, 2021, and October 22, 2021 (the "Hearing"), the Court finds and concludes as follows:

### Background, Jurisdiction and Venue

A.  For purposes of this Order, the term "Debtor Talc Claims" shall mean, collectively, any talc-related claims against the Debtor, including all claims that formerly were asserted against (or that could have been asserted against) the former Johnson & Johnson Consumer Inc. ("Old JJCI") relating in any way to talc or talc-containing materials (but not including talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws). For the avoidance of doubt, Debtor Talc Claims include, without limitation, all talc personal injury claims and other talc-related claims

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motions, except that defined term "Protected Parties" is changed to "Alleged Protected Parties".

purportedly allocated to the Debtor from Old JJCI in the documents implementing the 2021 Corporate Restructuring.

B.      The Plaintiff in this adversary proceeding is Debtor LTL Management LLC. The Defendants in this adversary proceeding are named plaintiffs in the talc-related lawsuits against the Debtor (or for which the Debtor is responsible or allegedly responsible) listed on Appendix A to the Complaint, as well as John and Jane Does 1-1000.

C.      The Debtor seeks, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (the "Civil Rules") and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a temporary restraining order prohibiting the Defendants from continuing or commencing against any of the Alleged Protected Parties any action or claim asserting, on any theory of liability (whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego, or otherwise) related to the Debtor Talc Claims.

D.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b)(2). Venue for this adversary proceeding is proper in this District pursuant to 28 U.S.C. § 1409.

### Request for Temporary Restraining Order/Interim Stay Declaration

E.      The Motions request broad temporary injunctive relief, or an interim declaration that the § 362 stay already applies, in favor of the Alleged Protected Parties, including the Debtor's ultimate parent, Johnson and Johnson, Inc. ("J&J"). The Debtor did not present sufficient evidence at the Hearing to meet its burden for such relief in favor of the Alleged Protected Parties. The Court therefore declines to grant the relief as requested but finds it appropriate to enter an interim declaration that the § 362 stay applies and will issue a limited temporary restraining order with limited notice to the Defendants pursuant to Civil Rule 65(b)(1) and Bankruptcy Rule 7065, in favor of the Debtor and its predecessor Old JJCI. Based on the record before the Court, the

Court declines to declare a stay in favor of, to extend the stay motions under 11 U.S.C. §362 or 11 U.S.C. §105, or to otherwise provide any stay or injunction in favor of Johnson & Johnson, Inc., ("J&J") or any party other than the Debtor and Old JJCI.

Based on these finding and conclusions, **IT IS HEREBY ORDERED THAT**:

1. The Motions are denied, in part, and granted, in part.

2. The Motions are GRANTED with respect to the Debtor's interim stay motion and its request for a temporary restraining order, but only as provided herein, and only as to the Debtor and Old JJCI.

3. The Motions are DENIED with respect to the Debtor's request for a temporary restraining order in favor of the Alleged Protected Parties other than the Debtor and Old JJCI. Based on the limited record before us, for now this Court declines to extend the stay under the provisions of 11 U.S.C. §362 or 11 U.S.C. §105 or otherwise provide any stay or injunction in favor of J&J or any party other than the Debtor and Old JJCI.

4. The Defendants are prohibited and enjoined from commencing or continuing to prosecute any Debtor Talc Claim against the Debtor and Old JJCI (but not against J&J or any other Alleged Protected Party) on any theory of liability, whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise, until further order of this Court.

5. The temporary restraining order includes, except as otherwise expressly provided herein, (a) the pursuit of discovery from Debtor and Old JJCI or their officers, directors, employees, or agents; (b) the enforcement of any discovery order against the Debtor and Old JJCI; (c) further motions practice related to the foregoing; and (d) any collection activity on account of a Debtor Talc Claim against Debtor and Old JJCI or their officers, directors, employees or agents or their respective assets.

6. A further hearing on the Motions and Complaint shall be held on November 4-5, 2021, commencing at 9:30 a.m. Eastern Prevailing Time.

7. Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown, including relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code.

8. Notwithstanding anything to the contrary in this Order, any party asserting Debtor Talc Claims without leave of the Court, may take reasonable steps to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if such testimony is not perpetuated during the duration of this Order. Notice shall be provided to the Debtor by notifying counsel for the Debtor of the perpetuation of such testimony. The Debtor shall have the right to object to the notice on any grounds it would have if it were a party to the underlying proceeding and not subject to the terms of this temporary restraining order, and the Debtor may raise any such objection with this Court. The use of such testimony in any appropriate jurisdiction shall be subject to the applicable procedural and evidentiary rules of such jurisdiction, except that the Debtor and Old JJCI waive objecting to the use of any such testimony based on lack of notice or lack of opportunity to cross-examine. All parties reserve and do not waive any and all objections with respect to such testimony. Defendants or other individuals asserting Debtor Talc Claims may not seek to perpetuate the testimony of representatives, including directors, officers, employees and agents of the Debtor without the consent of the Debtor or an order of the Court. Notwithstanding the foregoing, parties in lawsuits pending in the MDL who wish to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order and who otherwise is expected to be unable to provide testimony if it is not

perpetuated during the duration of this Order shall comply with the process outlined in the <u>In Extremis Deposition Protocol</u> entered on January 23, 2017 in the MDL.

9. The automatic stay is hereby lifted to permit the applicable Defendants to proceed with and complete the following appeals and/or post-trial motions: (a) <u>Leavitt</u>; (b) <u>Olson</u>; (c) <u>Schmitz</u>; (d) <u>Barden</u> (<u>Barden</u>, <u>Etheridge</u>, <u>McNeill</u> and <u>Ronning</u>); (e) <u>Soskin</u>; (f) <u>Gutierrez</u>; (g) <u>Strobel</u>; (h) <u>Johnson</u>; (i) <u>Cadigan</u>; (j) <u>Kleiner</u>; (k) <u>Giese</u> (<u>Giese</u>, <u>Marino</u>, and <u>Vogeler</u>); and (l) <u>Prudencio</u>.

10. All statutes of limitation related to the Debtor Talc Claims asserted by the Defendants against either the Debtor or Old JJCI are hereby immediately tolled in accordance with Section 108(c) of the Bankruptcy Code pending further Order of this Court.

11. Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security under Civil Rule 65(c). This finding is without prejudice to the right of any party to request security at any time in the future.

12. This Order shall be immediately effective and enforceable upon its entry.

13. The Debtor shall cause a copy of this Order to be served via email, facsimile, hand delivery or overnight carrier on counsel for the known Defendants and the Bankruptcy Administrator within three business days of its entry on the Court's docket. This method of service with respect to this Order is limited to this Order only and is without prejudice to the right of any party to argue that such service methods are not appropriate for other matters.

14. This Order shall remain in effect for the period through and including the conclusion of the hearing scheduled for November 4-5, 2021.

15. This Court retains exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation or enforcement of this Order.

| *This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order.* | *United States Bankruptcy Court* |
|---|---|