

FILED & JUDGMENT ENTERED
Steven T. Salata

November 15 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | : | Case No. 21-30589 (JCW) |
| Debtor. | : | |
| LTL MANAGEMENT LLC, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 21-03032 (JCW) |
| THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | : | |
| Defendants. | : | |

## ORDER GRANTING THE DEBTOR'S
## REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

This matter coming before the Court on the *Complaint for Declaratory and*

*Injunctive Relief (I) Declaring That the Automatic Stay Applies to Certain Actions Against*

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

*Non-Debtors or (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing* (the "Complaint") and the *Debtor's Motion for an Order (I) Declaring that the Automatic Stay Applies to Certain Actions Against Non-Debtors or (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing* (the "Motion"),[2] both filed by the above-captioned plaintiff and debtor (the "Debtor"); the Court having reviewed and considered (a) the Complaint, (b) the Motion, together with any responses or answers to the Motion or the Complaint, (c) the evidence submitted by the parties and admitted at the hearing held on November 4 and 5, 2021 (the "Hearing"), including declarations, testimony and exhibits filed with the Court or presented at the Hearing; and having heard the arguments of counsel at the Hearing, and having made oral rulings on November 10, 2021, which are incorporated herein as if fully set forth, the Court finds and concludes as follows:

**Background, Jurisdiction and Venue**

      A.      For purposes of this Order only, the term "Enjoined Talc Claims" shall mean, collectively, any talc-related claims against the Debtor, including all claims relating in any way to talc or talc-containing materials that formerly were asserted against (or that could have been asserted against) the former Johnson & Johnson Consumer Inc. ("Old JJCI") on any theory of liability (whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise). For the avoidance of doubt, Enjoined Talc Claims include, without limitation, all talc personal injury claims and other talc-related claims allocated to the Debtor from Old JJCI in the documents implementing the

---

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

2

2021 Corporate Restructuring. The Enjoined Talc Claims do not include talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws.

    B.  The Plaintiff in this adversary proceeding is Debtor LTL Management LLC. The Defendants in this adversary proceeding are those parties listed on Appendix A to the Complaint, as amended [Adv. Pro. Dkt. 60], as well as John and Jane Does 1-1000. The Defendants listed on Appendix A are all named plaintiffs in talc-related lawsuits against the Debtor (or for which the Debtor is responsible or alleged responsible) as of the Petition Date who sought to hold, or may seek to hold, the Protected Parties liable for the Enjoined Talc Claims. The Protected Parties are listed in Appendix B to the Complaint, which is also attached to this Order. Defendants John and Jane Does 1-1000 are prospective plaintiffs who may at any time while the above-captioned chapter 11 case is pending seek to hold the Protected Parties liable for the Enjoined Talc Claims.

    C.  The Debtor seeks, pursuant to sections 105 and 362 of the Bankruptcy Code, an order prohibiting the Defendants from continuing or commencing against any of the Protected Parties any action or claim asserting, on any theory of liability (whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise), any Enjoined Talc Claims.

    D.  The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Bankruptcy Rule 7008, the Debtor has consented to the entry of final orders or a final judgment by this Court in this adversary proceeding although other parties have not consented. Venue for this matter is proper in this District pursuant to 28 U.S.C. § 1409.

**Request for Declaratory Relief**

E.  For the avoidance of doubt, all of the Court's findings and conclusions herein are without prejudice, as set forth in the record, to (i) any further finding by a subsequent court with jurisdiction over this proceeding (the "Presiding Court") that there are direct claims against any of the Protected Parties, other than the Debtor and Old JJCI, which should not be stayed or enjoined, and (ii) the right of any party to challenge on any basis the corporate transactions that created the Debtor.

F.  The Court finds and concludes that Enjoined Talc Claims by the Defendants against Old JJCI are actions that are "against the debtor" or that seek to "recover a claim against the debtor" within the meaning of section 362(a)(1) of the Bankruptcy Code.

G.  The Court further finds and concludes that Enjoined Talc Claims against Protected Parties asserting fraudulent transfer or voidable transfer or conveyance claims, or alter ego, successor liability, vicarious liability or other theories of recovery through which Defendants would seek to assert Enjoined Talc Claims against a Protected Party, and actions against the Insurers on account of Enjoined Talc Claims, constitute property of the Debtor's estate within the meaning of section 362(a)(3) of the Bankruptcy Code.

H.  The Court further finds and concludes that Enjoined Talc Claims by the Defendants against the Protected Parties are inherently intertwined with talc-related claims against the Debtor. Therefore, application or extension of the automatic stay of section 362 of the Bankruptcy Code to Enjoined Talc Claims by the Defendants against the Protected Parties is warranted because those actions or claims are "against the debtor" or seek "to recover a claim against the debtor" within the meaning of section 362(a)(l) of the Bankruptcy Code.

I. The legal and factual bases set forth in the Complaint, the Motion, and the evidence and argument presented at the Hearing establish just cause for the relief granted herein.

**Request for Preliminary Injunction**

J. The Court finds that the Debtor has satisfied the four-prong test for the issuance of a preliminary injunction applied in the Fourth Circuit.

K. *Likelihood of Success on the Merits.* There is a reasonable likelihood that the Debtor will succeed on the merits by successfully reorganizing in chapter 11, including by confirming a plan that will establish a trust pursuant to sections 105 and/or 524(g) of the Bankruptcy Code to resolve the Debtor Talc Claims. The Debtor maintains that it has filed its chapter 11 case (the "Chapter 11 Case") in good faith, and it intends to engage in good-faith negotiations with representatives for current and future claimants regarding a plan of reorganization. The Debtor has sufficient resources to fund the costs of the Chapter 11 Case and implement a plan of reorganization that includes a trust pursuant to sections 105 and/or 524(g).

L. *Irreparable Injury.* Failure to enjoin prosecution of the Debtor Talc Claims in the tort system would cause irreparable injury to the Debtor and defeat the purpose of the Chapter 11 Case. Without the injunctive relief sought herein, the Debtor would suffer the following irreparable harm:

    i) Recoveries against the Protected Parties could trigger the Debtor's indemnification obligations, reduce available insurance, and have the effect of fixing talc-related claims against the Debtor outside of the Chapter 11 Case;

    ii) Under the doctrines of collateral estoppel and res judicata, the resolution of issues in litigation of Debtor Talc Claims against New JJCI, J&J or other Protected Parties could bind the Debtor;

    iii) Statements, testimony and other evidence generated in litigation of Debtor Talc Claims against the

                                                        Protected Parties could be used to try to establish the Debtor's own liability for the exact same talc-related claims; and

                               iv)     As a result of the foregoing, the Debtor would be compelled to actively monitor, participate in and defend litigation of Debtor Talc Claims against the Protected Parties, and key personnel would be diverted from assisting the Debtor in achieving its reorganization goals.

        M.    *Balance of the Harms.* The balance of harms supports granting the preliminary injunction on account of the following factors:

                           i)     The purpose of the Debtor's Chapter 11 Case would be defeated if the litigation of Debtor Talc Claims were allowed to proceed against the Protected Parties;

                           ii)     Failure to grant injunctive relief would cause irreparable harm to the Debtor and its estate, as described in paragraph K, above;

                           iii)     An injunction will not necessarily harm the Defendants or their efforts to obtain compensation for their claims.

                           a)     First, nothing about the injunction in this case would prohibit the Defendants from continuing to proceed against, and collecting from, any other alleged tortfeasors in state court (other than the Protected Parties); and

                           b)     In addition, the injunction will ensure that the benefits of a complete and equitable resolution of talc-related claims against the Debtor flow to all claimants. Ultimately, the Chapter 11 Case should provide both existing and future claimants with an efficient and expedited means by which to address their claims through a trust; and

                           iv)     Delay, in and of itself, is insufficient to overcome irreparable harm caused to the Debtor and its estate.

        N.    *Public Interest.* The public interest lies with the Debtor completing its reorganization process and resolving the Debtor Talc Claims in a uniform and equitable manner.

**Based on these findings and conclusions and the findings and conclusions of the Court set forth on the record at the Hearing, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a preliminary basis to the extent set forth herein.

2. The Defendants are prohibited and enjoined, pursuant to sections 105 and 362 of the Bankruptcy Code, from commencing or continuing to prosecute any Enjoined Talc Claim against any of the Protected Parties, on any theory of liability, whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise, for the period this Order is effective pursuant to paragraph 4, below. This injunction includes, without limitation: (a) the pursuit of discovery from the Protected Parties or their officers, directors, employees or agents; (b) the enforcement of any discovery order against the Protected Parties; (c) further motions practice related to the foregoing; and (d) any collection activity on account of an Enjoined Talc Claim against any Protected Party or its officers, directors, employees or agents or its respective assets.

3. In addition, and without limiting the foregoing, the Court finds and declares that the commencement or continued prosecution of any Enjoined Talc Claim by any Defendant against any of the Protected Parties, including the actions listed in the last sentence of paragraph 2, above, would violate the automatic stay imposed by sections 362(a)(l) and 362(a)(3) of the Bankruptcy Code and therefore are prohibited for the period this Order is effective pursuant to paragraph 4 below.

4. This Order is not intended to bind a subsequent Presiding Court. The injunction and the Court's interim stay ruling herein shall expire on the date that is 60 days after

the entry of this Order (the "Termination Date"), unless modified or extended by an order of the Presiding Court.

        5.        This Order is entered without prejudice to and nothing in this Order shall in any way limit any: (i) statutory committee appointed in this chapter 11 case; or (ii) party-in-interest to this chapter 11 case from: (x) seeking or obtaining discovery under Rules 2004 and 9014 of the Federal Rules of Bankruptcy Procedure and such other portions of the Federal Rules of Civil Procedure that the Presiding Court directs against any entity including the Debtor and the Protected Parties, or any entity, including the Debtor or any Protected Party, from objecting to such efforts; (y) seeking and obtaining standing to pursue any estate cause of action against any person or entity, including any Protected Party; or (z) seeking to lift, modify or terminate the stay or this injunction upon a request to the Presiding Court. This Order is entered without prejudice to the Debtor's right to request that the Presiding Court extend this Order to include other entities or persons not previously identified in Appendix A or Appendix B to the Complaint. In the event that the Debtor seeks to supplement either Appendix A or Appendix B, the Debtor shall file with the Presiding Court and serve a notice, together with a proposed order, setting forth any such modifications to Appendix A or Appendix B. The burden of proof for any modification of Appendix A or Appendix B is not affected by this Order. Parties shall have 14 days from the date of service of the notice to object to the modification(s) to Appendix A or Appendix B, and the Debtor shall have 7 days from the service of such objection to file and serve a response. Absent a timely objection, the Debtor's proposed modifications to Appendix A or Appendix B shall be approved by order of the Presiding Court without the necessity of a hearing. For the avoidance of doubt, the inclusion of a talc-related claim on Appendix A is not an

8

admission that such Defendant holds a currently pending claim against either the Debtor or the Protected Parties.

6. Notwithstanding anything to the contrary in this Order, Imerys Talc America, Inc. and its affiliates (collectively, the "Imerys Entities") or Cyprus Mines Corporation and its affiliates (collectively, the "Cyprus Entities") are not Defendants in this proceeding. The relief granted herein shall not apply to the Imerys Entities or the Cyprus Entities, and the findings of fact and conclusions of law set forth in this Order shall not bind the Imerys Entities or the Cyprus Entities. The right of the Debtor to seek to enjoin the Imerys Entities or the Cyprus Entities, and the right of the Imerys Entities or Cyprus Entities to oppose such relief, are hereby preserved in all respects.

7. Notwithstanding anything to the contrary in this Order, governmental units (as defined under section 101 of the Bankruptcy Code) are not Defendants in this proceeding. The relief granted herein, including any relief granted under this Order under section 105 of the Bankruptcy Code, shall not apply to restrict or enlarge the rights of the Debtor or any governmental unit under applicable bankruptcy law and all such rights are hereby preserved.

8. Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown. This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to section 362 of the Bankruptcy Code.

9. Notwithstanding anything to the contrary in this Order, any party asserting Enjoined Talc Claims, without leave of the Presiding Court, may take reasonable steps to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if such testimony is not perpetuated during the duration of this Order. Notice shall be provided to the

Debtor by notifying counsel for the Debtor of the perpetuation of such testimony. The Debtor shall have the right to object to the notice on any grounds it would have if it were a party to the underlying proceeding and not subject to the terms of this preliminary injunction, and the Debtor may raise any such objection with the Presiding Court, except that the Debtor, Old JJCI and J&J waive objecting to the use of such testimony based on lack of notice or lack of opportunity to cross-examine. The use of such testimony in any appropriate jurisdiction shall be subject to the applicable procedural and evidentiary rules of such jurisdiction. All parties reserve and do not waive any and all objections with respect to such testimony. Defendants or other individuals asserting Enjoined Talc Claims may not seek to perpetuate the testimony of representatives, including directors, officers, employees and agents of the Debtor or the Protected Parties without the consent of the Debtor or an order of the Presiding Court. Notwithstanding the forgoing, parties in lawsuits pending in the MDL who wish to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if it is not perpetuated during the duration of this Order shall comply with the process outlined in the <u>In Extremis Deposition Protocol</u> entered on January 23, 2017 in the MDL.

10. Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security in connection with this Order pursuant to Civil Rule 65(c).

11. The deadline to file any answer to the Complaint is tolled indefinitely subject to an order of the Presiding Court.

12. This Order shall be immediately effective and enforceable upon its entry.

13. In accordance with section 108(c) of the Bankruptcy Code, this Order shall toll, as of November 10, 2021, any applicable non-bankruptcy law, any order entered in a

non-bankruptcy proceeding, or any agreement that fixes a period under which an enjoined Defendant is required to commence or continue a civil action in a court other than this Court or the Presiding Court on any Debtor Talc Claim asserted against the Debtor or any of the Protected Parties until the later of: (a) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (b) 30 days after the termination or expiration of the preliminary injunction issued by this Order.

14. The automatic stay shall no longer be lifted as provided in paragraph 9 of the *Order Regarding Debtor's Motions for an Order (I) Declaring the Automatic Stay Applies to Certain Actions Against Non-Debtors or (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Pro. Dkt. 28], and instead shall be lifted solely to permit the applicable Defendants to proceed with and complete the following appeals, in each of which surety bonds have been issued in connection with the appeal: (a) Leavitt: (b) Olson; (c) Schmitz; (d) Barden (as to Barden, Etheridge, McNeill and Ronning); (e) Soskin; and (f) Prudencio.

15. The personal injury claims (including pain and suffering damages) of the plaintiff in the Vanklive lawsuit shall be preserved even if the plaintiff subsequently dies (with no impairment of such plaintiff's personal injury damages, including pain and suffering damages). The Debtor, JJCI, and J&J specifically consent and agree to this provision.

16. The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants within three business days of its entry on the Court's docket.

17. This Order shall be promptly filed in the Clerk of Court's office and entered into the record.

18. The Presiding Court shall have exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation or enforcement of this Order.

| | |
|---|---|
| This Order has been signed electronically.<br>The Judge's signature and Court's seal appear<br>at the top of the Order. | United States Bankruptcy Court |