**From:** Sharko, Susan M [mailto:susan.sharko@faegredrinker.com]
**Sent:** Monday, October 25, 2021 10:49 AM
**To:** Jerome Block <JBlock@levylaw.com>; Schneider, Joel <JSchneider@mmwr.com>
**Cc:** Bernardo, Richard T <Richard.Bernardo@skadden.com>; Daniel R. Lapinski <dlapinski@motleyrice.com>; Michelle Parfitt <mparfitt@ashcraftlaw.com>; Leigh O'Dell <Leigh.ODell@BeasleyAllen.com>; Goodman, Rachel <RGoodman@mmwr.com>; Chris Placitella <cplacitella@cprlaw.com>; Chris Tisi <ctisi@levinlaw.com>; Miller, Jessica D <Jessica.Miller@skadden.com>
**Subject:** RE: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS - PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

**CAUTION:** This email message is **EXTERNAL.**

Dear Judge Schneider:

## Objection/Reservation of Rights

On October 12, 2021, Johnson & Johnson Consumer Inc. ("Old JJCI") completed an internal corporate restructuring. As a result of that restructuring, Old JJCI ceased to exist and two new companies were created. The first new company is named LTL Management LLC ("LTL"). The second new company, like the former company, is named Johnson & Johnson Consumer Inc. ("New JJCI"). LTL is the entity responsible for all talc-related claims asserted against Old JJCI, Johnson & Johnson ("J&J"), or any of their affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws). LTL is the entity responsible for talc-related claims asserted in this case.

On October 14, 2021, LTL filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina ("Bankruptcy Court"). Upon that filing, the automatic stay under section 362 of the Bankruptcy Code became effective immediately. A Notice of Suggestion of Bankruptcy (the "Notice") was filed in this case on October 15. That Notice informed the parties and this court of LTL's chapter 11 filing and LTL's position regarding the scope of the automatic stay—that it applies to all talc-related claims against Old JJCI, New JJCI, J&J, and their other corporate affiliates, among other parties that share an identity of interest with LTL concerning talc-related claims and/or against whom fixing talc-related liabilities would be tantamount to fixing those liabilities against LTL.

In response to litigation conduct at odds with the scope of the stay, (i) on October 18, 2021, LTL filed in the Bankruptcy Court an Emergency Motion to Enforce the Automatic Stay ("Stay Motion"); and (ii) on October 21, 2021, LTL filed in the Bankruptcy Court an adversary complaint and motion for an order declaring that the automatic stay applies to certain actions against non-debtors or preliminarily enjoining such actions against non-debtors and granting a temporary restraining order pending a final hearing (the "Adversary Proceeding"). In the Adversary Proceeding, LTL seeks a declaration that the stay applies not only to LTL and Old

JJCI, but to New JJCI, J&J, other of their corporate affiliates, identified retailers, insurance companies, and certain others (collectively, the "Protected Parties").

On October 22, 2021, the Bankruptcy Court issued an oral ruling confirming that all talc-related claims asserted against Old JJCI and LTL are stayed pursuant to the automatic stay under section 362 of the Bankruptcy Code. The Bankruptcy Court did not enter a temporary restraining order against claims asserted against the other Protected Parties but set a hearing on LTL's request for a preliminary injunction for November 4 and 5, 2021. The Bankruptcy Court will then consider further, whether by virtue of the application of the automatic stay or otherwise, talc-related claims against New JJCI, J&J and the other Protected Parties are automatically stayed pursuant to section 362(a) of the Bankruptcy Code or should be enjoined pursuant to section 105(a) of the Bankruptcy Code.

J&J and any other implicated J&J non-debtor affiliates maintains that the automatic stay applies to them and any other Protected Parties in this case. J&J objects to any further proceedings against it and any other Protected Parties. J&J reserves all rights under applicable law with respect to any violations of the automatic stay. In the event that the Bankruptcy Court determines on November 5, 2021, or thereafter, that talc-related claims against J&J or any of the other Protected Parties are automatically stayed, any actions taken in the interim in violation of the stay will be null and void as a matter of law.

**Further Response**

Subject to the above, we are briefing this issue of what will happen in the MDL before Chief Judge Wolfson, with our brief due tomorrow. We are simultaneously trying to work out a temporary path forward with Leigh and Michelle and are planning a meet and confer in the next couple days. We would like until Wednesday at 5 to respond to Your Honor.

And yes, we expect a ruling from the bankruptcy judge on November 5. We don't agree with Mr. Block's statements. In particular, Judge Whitley did not say that J&J was not entitled to a stay—that is what he is taking up on 11/4 and 11/5. He just could not make the determination last week that it was entitled to a TRO. That is different. Our position continues to be that the stay is automatic as to J&J and we believe that the court will agree with us after the hearings conclude just over a week from now. That is not a lot of time to wait and plaintiffs cannot show prejudice.

Thank you for your consideration of these matters. Respectfully, Susan


**From:** Jerome Block <JBlock@levylaw.com>
**Sent:** Monday, October 25, 2021 9:31 AM
**To:** Schneider, Joel <JSchneider@mmwr.com>
**Cc:** Bernardo, Richard T <Richard.Bernardo@skadden.com>; Sharko, Susan M <susan.sharko@faegredrinker.com>; Daniel R. Lapinski <dlapinski@motleyrice.com>; Michelle Parfitt

<mparfitt@ashcraftlaw.com>; Leigh O'Dell <Leigh.ODell@BeasleyAllen.com>; Goodman, Rachel <RGoodman@mmwr.com>; Chris Placitella <cplacitella@cprlaw.com>; Chris Tisi <ctisi@levinlaw.com>; Miller, Jessica D <Jessica.Miller@skadden.com>
**Subject:** Re: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS - PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

**This Message originated outside your organization.**

Judge Schneider:  I think it's likely that the Judge will rule from the bench on November 5th, but that is just my best guess based on the fact that Judge Whitley ruled from the bench at the conclusion of the TRO hearing.  I think the key issue here is that J&J's request to stay litigation against it between now and the time of the preliminary injunction hearing was denied.  J&J made the argument that it is only a short time between now and November 4/5 and therefore they should get the TRO.  Judge Whitley disagreed and therefore the issue is clear and straightforward: J&J's litigation obligations are not stayed and never were stayed.  To the extent that J&J stopped litigating and gave itself a stay (based on its assumption that it would obtain a TRO as to J&J), it was mistaken. My clients living with mesothelioma and their families should not be further delayed.  Thank you for your consideration of this matter. -Jerry Block, Levy Konigsberg LLP

Get Outlook for iOS

**From:** Schneider, Joel <JSchneider@mmwr.com>
**Sent:** Monday, October 25, 2021 9:24:48 AM
**To:** Jerome Block <JBlock@levylaw.com>
**Cc:** Bernardo, Richard T <Richard.Bernardo@skadden.com>; Sharko, Susan M <susan.sharko@faegredrinker.com>; Daniel R. Lapinski <dlapinski@motleyrice.com>; Michelle Parfitt <mparfitt@ashcraftlaw.com>; Leigh O'Dell <Leigh.ODell@BeasleyAllen.com>; Goodman, Rachel <RGoodman@mmwr.com>; Chris Placitella <cplacitella@cprlaw.com>; Chris Tisi <ctisi@levinlaw.com>; Miller, Jessica D <Jessica.Miller@skadden.com>
**Subject:** Re: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS - PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

Counsel, I read the article in Law 360 this morning and expected to hear from counsel today.  I would like to get J&J's thoughts on this scheduling issue before deciding how to move forward. I expect courts all over the country are grappling about what to do. Can I hear from J&J by noon tomorrow.  Do the parties know if the bankruptcy judge will decide the stay issue on November 4 or 5? Thank you.

Judge Joel Schneider (Ret.)
Montgomery McCracken Walker & Rhoads LLP
Liberty View
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002

3

609-519-0632 (cell)
856-488-7797 (office)
856-488-7720 (fax)
https://www.mmwr.com/attorney/joel-schneider/

On Oct 25, 2021, at 9:09 AM, Jerome Block <JBlock@levylaw.com> wrote:

**CAUTION** External Email

Judge Schneider:

I write to follow-up on your "Special Master Order No 9" ("Order"), filed on August 25, 2021 which is also applicable to the New Jersey Asbestos Litigation. Your Order originally required Defendant Johnson & Johnson ("J&J") to complete its various obligations by October 4 and 11, 2021. *See* Order. Subsequently, counsel for J&J (without mentioning any potential bankruptcy filing) sought and received various extensions with last such extension requiring J&J to meet certain deadlines by October 15 and 22nd. *See* Emails below. To my knowledge, J&J has not complied with the October 15th and October 22nd deadlines set forth below, nor have they fully complied with your Order. Instead, as you know, a separate entity LTL Management LLC ("LTL") filed a bankruptcy petition in the Western District of North Carolina on October 14, 2021. As a result of this bankruptcy filing, an automatic stay went into effect immediately against the debtor LTL. I participated in hearings this week before Judge Whitley in the LTL bankruptcy proceeding in the W.D.N.C. where LTL sought a TRO to stay litigation against non-debtors including JJCI and J&J. On Friday, in the W.D.N.C., I cross-examined John Kim who is now Chief Legal Officer of LTL as part of the claimants'/creditors' opposition to the TRO. After cross-examination of Mr. Kim and arguments by counsel for claimants and LTL, Judge Whitley ruled on Friday afternoon from the bench that the TRO only covers LTL and "Old JJCI" (the company previously sued as JJCI in the current litigation cases). In other words, there is not a current stay against J&J nor was there ever a stay against J&J. I note that there is a preliminary injunction hearing on November 4 and 5 and I anticipate that LTL will once again seek to enjoin litigation against J&J. But it is undisputed that during the time in which J&J had the discovery obligations ordered by Your Honor (and as modified by the extensions below) there was not a stay against J&J and there still is not a stay against J&J. Accordingly, we request that J&J comply with their discovery obligations that were due on October 15 and 22nd as set forth in your Order and as set forth below. To the extent J&J argues that Your Honor should stay litigation against J&J (or "wait and see") until November 4 and 5, that would be tantamount to granting J&J the very relief that LTL unsuccessfully sought when its request for a TRO directed toward non-debtor J&J was denied on Friday. The official transcript from the W.D.N.C. has not yet been provided to counsel. But here is are two articles about the hearing (https://www.law360.com/health/articles/1434006/j-j-talc-suits-can-proceed-for-now-despite-ch-11-filing and https://www.bloomberg.com/news/articles/2021-10-22/j-j-loses-a-round-in-bankruptcy-spat-over-baby-powder-suits). I believe that counsel for J&J will concede that Judge Whitley ruled that the TRO does not cover J&J. If J&J counsel will not agree to fulfill its discovery obligations applicable to your Order by the close of business tomorrow, then we hereby request that Your Honor order J&J to do so. Please note that Judge Whitley did order a TRO applicable to non-debtor JJCI. Therefore, this email and this request for judicial intervention is solely directed toward Defendant J&J who is a party defendant in our New Jersey Asbestos Litigation cases.

Jerome H. Block
Levy Konigsberg LLP
605 Third Avenue, 33rd Floor
New York, NY 10158
www.levylaw.com


**From:** "Schneider, Joel" <JSchneider@mmwr.com>
**Date:** Friday, October 8, 2021 at 8:19 PM
**To:** "Miller, Jessica D" <Jessica.Miller@skadden.com>
**Cc:** Richard Bernardo <Richard.Bernardo@skadden.com>, Jerome Block <JBlock@levylaw.com>, "Sharko, Susan M" <susan.sharko@faegredrinker.com>, Daniel Lapinski <dlapinski@motleyrice.com>, Michelle Parfitt <mparfitt@ashcraftlaw.com>, Leigh O'Dell <Leigh.ODell@BeasleyAllen.com>, "Goodman, Rachel" <RGoodman@mmwr.com>, Chris Placitella <cplacitella@cprlaw.com>, Chris Tisi <ctisi@levinlaw.com>
**Subject:** Re: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS - PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

For good cause shown requested extension GRANTED.


Judge Joel Schneider (Ret.)
Montgomery McCracken Walker & Rhoads LLP
Liberty View
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
609-519-0632 (cell)
856-488-7797 (office)
856-488-7720 (fax)
https://www.mmwr.com/attorney/joel-schneider/


On Oct 8, 2021, at 7:46 PM, Miller, Jessica D <Jessica.Miller@skadden.com> wrote:

**CAUTION** External Email

Dear Special Master Schneider,

Please forgive the long email on a Friday evening.

We are working diligently on these projects but unfortunately, the dates suggested by Mr. Block will not exactly work.

First, the good news. We are done reviewing Tranche 2 of the withheld documents that are being challenged. The binders are being assembled next week, and we can send them to you by Friday October 15. This is earlier than our current deadline.

5

Second, as to redactions, my understanding from Your Honor's order was that we were doing them in two tranches.  Apparently, that is not what happened, and plaintiffs sent us all 1,779 challenges at once.  The process for checking and changing redactions is extremely time-consuming because each redaction that is changed must be redrawn.  It is even more time-consuming to prepare the binders for Your Honor because each document has to be manually redacted by a legal assistant (or it is unreadable) and we are still figuring out the best way to do that.

In an effort to diminish your workload, I am unredacting emails that say things of no real consequence even though we believe in good faith that the redacted language is privileged, with the assumption that you will agree nothing is waived by providing these to plaintiffs and with the goal of sparing you 75 binders.  If that is correct, we will be able to substantially narrow what you have to look at and produce to plaintiffs a substantial number of these documents with fewer or no redactions.

I am also finding that the same redactions are sometimes challenged 10 or even 20 times.  If the same redactions appear in multiple documents, we are trying to de-dupe the challenge so that you only look once.

Bottom line:  we can be finished with the first half of the redactions by October 22 but need more time for the second half.  I would propose November 5 because I will unfortunately be out again for follow-up surgery at the end of the month.

Thank you for your consideration, and have a nice weekend.


Jessica D. Miller
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7850 | M: 202.203.9145
jessica.miller@skadden.com

Skadden

_____
From: Bernardo, Richard T (NYC)
Sent: Thursday, October 7, 2021 7:31 PM
To: Jerome Block
Cc: Schneider, Joel; Sharko, Susan M; Daniel R. Lapinski; Michelle Parfitt; Leigh O'Dell; Goodman, Rachel; Chris Placitella; Chris Tisi; Miller, Jessica D (WAS)
Subject: Re: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS - PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

Copying Jessica Miller for her input on the schedule.

Richard T. Bernardo
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West | New York | New York | 10001
T: 212.735.3453 | F: 917.777.3453

M: 917-626-4686
richard.bernardo@skadden.com<mailto:richard.bernardo@skadden.com>

On Oct 7, 2021, at 2:22 PM, Jerome Block <JBlock@levylaw.com> wrote:


Judge Schneider:  I write on behalf of my clients in the New Jersey Asbestos Litigation, but my understanding is that these same issues are applicable in the Federal M.D.L.  In light of the 21 day extension you granted to J&J I am writing to set forth my understanding of certain upcoming events regarding the J&J's privilege issues.

October 18th (21 day from the original deadline of Sept. 27th):  J&J must submit for in camera review any redacted documents challenged by Plaintiffs.  J&J must also identify any redacted documents in which J&J is agreeing to produce the document in un-redacted form.

October 25th (21 days from the original deadline of October 4th):  J&J must produce any remaining documents corresponding to privilege log challenges for in camera review.  J&J must identify any additional documents that J&J will agree to produce, including the documents listed below as requiring "additional evidence", as well as additional documents in the "second half" of the privilege log-disputed documents J&J is now reviewing.

For all documents that J&J agrees to produce, pursuant to the October 18th and October 25th deadlines above, Plaintiffs request that J&J produce these documents to Plaintiffs by no later than Thursday, October 28th.

Thank you for your continuing work in resolving these privilege disputes.

Sincerely, Jerry

Jerome H. Block
Levy Konigsberg LLP
605 Third Avenue, 33rd Floor
New York, NY 10158
https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fwww.levylaw.com&c=E,1,igtgtCrCVoZNZYbE4k-9J9Rm03Q4SjV47In2-TdHJcCK9y27v1ZRWGVh30ws5IXUctqM-U4CXtWpql_N5Z-kZ_iOSA04BQ-c39Uraay7gh2cqWpYwQ,,&typo=1<https://linkprotect.cudasvc.com/url?a=http%3a%2f%2fwww.levylaw.com&c=E,1,FS73MYUzGm55T5gmYrrZyilDKr_CF4LzMSKVI8-Kj3ZY6oNL-bF0AqMq2OaaaJHuKw2doG6ZYSDMsIv6HWZ4KFshzE0KaCG4LRwKLA-fFS0,&typo=1>



From: "Schneider, Joel" <JSchneider@mmwr.com>
Date: Tuesday, October 5, 2021 at 8:34 AM
To: Richard Bernardo <Richard.Bernardo@skadden.com>, "Sharko, Susan M" <susan.sharko@faegredrinker.com>, Daniel Lapinski <dlapinski@motleyrice.com>, Michelle Parfitt <mparfitt@ashcraftlaw.com>, Leigh O'Dell <Leigh.ODell@BeasleyAllen.com>, Jerome Block <JBlock@levylaw.com>, "Goodman, Rachel" <RGoodman@mmwr.com>

Subject: REVIEW OF DEFENDANTS' ALLEGED PRIVILEGED AND REDACTED DOCUMENTS - PRELIMINARY RULINGS (MDL AND STATE TALC CASES) (10/5/21)

Counsel: The in camera review of the first eight (8) binders of J&J's alleged privileged and redacted documents J&J forwarded has been completed.  The review went a bit quicker than I expected since I am becoming more familiar with the names of the relevant J&J personnel and the subject matter of the documents. These 8 binders consisted of 889 Tabs. As we discussed previously and as is memorialized in a previous Order, the first determination was to decide which documents are so clearly privileged that no additional information is needed to support J&J's privilege claim. The same legal principles summarized in the SM's earlier Opinion was applied to these documents.  Also, these documents were just reviewed for privilege.  No determination was made as to relevance and proportionality as the SM was not tasked to make that determination.

As to those instances where a clear determination could not be made as to whether a document was privileged, that document/Tab is identified below and J&J will be given an opportunity to support its privilege claim with appropriate evidence. Of course, plaintiffs will also be given an opportunity to respond and object if they so choose.

This email identifies the Tabs where a determination could not be made that the document at issue was so clearly privileged that additional supportive evidence was not needed. If a document/Tab is not listed a determination was made that the document is privileged. I emphasize that NO decision has been made as to whether the listed documents are privileged. The only decision that has been made is that if J&J wants to stand on its privilege objection supporting evidence is needed to corroborate the claim. It may be that J&J does not intend to stand on its objection but that is not known at the moment. I suggest that we wait until all documents have been reviewed to hear from J&J about what it intends to do.

Additional evidence is needed to support the following privilege claims:

1. Binder 1

  1. Tab 14 (Bates 4025) – Only the 12/13/74 memo attached to the 12/19/74 memo. This appears to be a routine business communication.
  2. Tab 21 (Bates 6891976) – More explanation is needed to understand this document.
  3. Tab 44 (Bates 204) – Patent document. See prior ruling.
  4. Tab 56 (Bates 224218) – Only the 8/3/92 memo. Has this been previously produced?

1. Binder 2

  1. Tab 175 (Bates 2945) – This appears to be a routine business communication.
  2. Tab 179 (Bates 2482) – Only the 7/19/12 email. This appears to be a routine business communication.
  3. Tab 181 (Bates 3500) – This appears to be a routine business communication.

1. Binder 3 (none)

1. Binder 4

1. Tab 367 (Bates 5059) – Was this document already produced?
2. Tab 382 (Bates 6371) - This document appears to be a routine business communication.
3. Tab 4229 (Bates 4229) – This document appears to be a routine business communication.

1. Binder 5

1. Tab 517 (Bates 7389) – This document appears to be a routine business communication. (None of the referenced articles are attached).

1. Binder 6

(1) Tab 581 (Bates 6251) (just the 12/19/13, 7:59 am email) – This email appears to be a routine business communication.

1. Binder 7

1. Tab 685 (Bates 11248) – This document appears to be a routine business communication.

1. Binder 8

(1)   Tab 846 (Bates 11284) - This document appears to be a routine business communication.

The SM is grateful to J&J for the manner in which it organized and produced the in camera documents. The organization enabled the SM to efficiently review the produced binders.

Please forward this email to the right persons. I am not sure I have the complete service list on this email. Jerry Block is copied on this email as this review was done for the MDL and state cases.

Judge Joel Schneider (Ret.) | Of Counsel
Montgomery McCracken Walker & Rhoads LLP
LibertyView | 457 Haddonfield Road, Suite 600 | Cherry Hill, NJ 08002
Tel: 856-488-7797  | Fax: 856-488-7720 | JSchneider@mmwr.com | Attorney Profile<https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fprotect-us.mimecast.com%2fs%2fEUpjCQW7oQFkBAXGsxs4nz&c=E,1,SsBMYV4z6cUaEAJkCIaXFb3CQ3KC7bdeIt2vAuADfEKSYZZdpFDnO5IY2YD4viuGAJXYHNCuj_NYClWCOgLn7jjqJ1JtYXVulCiA_OggVQEZSmyiShM,&typo=1>

_____

Notice: This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution and/or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender and please immediately delete this message from your computer as well as any storage device(s). Thank you.


Judge Joel Schneider (Ret.)
Montgomery McCracken Walker & Rhoads LLP
Liberty View
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
609-519-0632<tel:609-519-0632> (cell)
856-488-7797<tel:856-488-7797> (office)
856-488-7720<tel:856-488-7720> (fax)
https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fwww.mmwr.com%2fattorney%2fjoel-schneider%2f&c=E,1,N8Nq3RK3FZ3BlaDQXpf0u3AXfGq_hu_dNNvmj0338DeMUlGXQUeXgyshbs3H9jcqzxmSgvNBQpLNvamjNttcMpODaJyBtL3M6B_7JLYeaKK5563SY4w,&typo=1<https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fprotect-us.mimecast.com%2fs%2f8EXXCR61pRFvnmG9TNVt6U&c=E,1,V7qM-dx37ug8EEFrB_bgoVGeWNiSd5t071ZH2wwaSdTk6E_nYTWSlDtJaUj9YvCKTl_9kXSZIMfdZBI5cEZepEiT0ykELreN9r5OgerJVjqUIIKkcKqpwgSuUGw,&typo=1>
CONFIDENTIALITY STATEMENT This e-mail transmission and any accompanying attachment contains information that is confidential, privileged and exempt from disclosure under applicable law. This e-mail is intended only for the use of the individual or entity to which it is addressed. If you receive this e-mail in error or you are not the intended recipient, do not read, copy or disseminate in any manner. If you are not the intended recipient, you may not disseminate, distribute or copy this communication and any disclosure, copying, distribution, use or taking any action in reliance on the contents of this information is strictly prohibited. If you received this communication in error, please reply to the message immediately by informing the sender that the message was misdirected and after advising the sender you must erase the message from your computer system and destroy any hard copies that may have been made. Thank you for your assistance in correcting this error.

---

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================================
CONFIDENTIALITY STATEMENT This e-mail transmission and any accompanying attachment contains information that is confidential, privileged and exempt from disclosure under applicable law. This e-mail is intended only for the use of the individual or entity to which it is addressed. If you receive this e-mail in error or you are not the intended recipient, do not read, copy or disseminate in any manner. If you are not the intended recipient, you may not disseminate, distribute or copy this communication and any disclosure, copying, distribution, use or taking any action in reliance on the contents of this information is strictly prohibited. If you received this communication in error, please reply to the message immediately by informing the sender that the message was misdirected and after advising the sender you must erase the message from your computer system and destroy any hard copies that may have been made. Thank you for your assistance in correcting this error.
<2021-08-25 Special Master Order on Privilege Schedule.pdf>
CONFIDENTIALITY STATEMENT This e-mail transmission and any accompanying attachment contains information that is confidential, privileged and exempt from disclosure under applicable law. This e-mail is intended only for the use of the individual or entity to which it is addressed. If you receive this e-mail in error or you are not the intended recipient, do not read, copy or disseminate in any manner. If you are not the intended recipient, you may not disseminate, distribute or copy this communication and any disclosure, copying, distribution, use or taking any action in reliance on the contents of this information is strictly prohibited. If you received this communication in error, please reply to the message immediately by informing the sender that the message was misdirected and after advising the sender you must erase the message from your computer system and destroy any hard copies that may have been made. Thank you for your assistance in correcting this error.