# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

**TRIF & MODUGNO, LLC**
Louis Modugno
89 Headquarters Plaza, Suite 1201
Morristown, New Jersey 07960
(201) 874-4596
lmodugno@tm-firm.com

**KATTEN MUCHIN ROSENMAN LLP**
Shaya Rochester (*pro hac vice pending*)
Katherine Scherling (*admitted pro hac vice*)
575 Madison Avenue
New York, NY 10022
shaya.rochester@katten.com
katherine.scherling@katten.com

**MENDES & MOUNT LLP**
Eileen McCabe (*admitted pro hac vice*)
Stephen Roberts (*admitted pro hac vice*)
750 Seventh Avenue
New York, NY 10019
eileen.mccabe@mendes.com
stephen.roberts@mendes.com

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |
| | **Hearing Date: January 11, 2022** |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

|  |  |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>                Plaintiff,<br><br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>                Defendants. | Adv. Pro. No. 21-03032 (MBK) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE NEW JERSEY COVERAGE ACTION PLAINTIFF-INSURERS REGARDING DEBTOR'S PRELIMINARY INJUNCTION MOTION**

The plaintiff-insurers (the "Objecting Insurers")[2] in the action styled *Atlanta International Insurance Company, et al. v. Johnson & Johnson, et al.*, Case No. MID-L-003563-19, currently pending in the Superior Court of New Jersey (the "New Jersey Coverage Action"), hereby file this limited objection and reservation of rights (the "Limited Objection and Reservation of Rights") regarding the *Debtor's Motion for an Order (I) Declaring That the Automatic Stay Applies to Certain Actions Against Non-Debtors or (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Pro. Dkt. 2] (the "PI Motion"). In support hereof, the Objecting Insurers respectfully state as follows:

---

[2] The Objecting Insurers are: Atlanta International Insurance Company (as successor in interest to Drake Insurance Company); AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania); AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A); AIU Insurance Company; ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.); Granite State Insurance Company; The Insurance Company of the State of Pennsylvania; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; New Hampshire Insurance Company; The North River Insurance Company ("North River"); Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company); N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark); and Rheinland Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen).

2

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**[3]

1. The Objecting Insurers did not, and still do not, object to the specific relief granted by the United States Bankruptcy Court for the Western District of North Carolina (the "NC Bankruptcy Court") in its *Order Regarding Debtor's Motion For An Order (I) Declaring the Automatic Stay Applies to Certain Actions Against Non-Debtors or (II) Preliminarily Enjoining Such Actions, And (III) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Pro. Dkt. 102] (the "PI Order") entered on November 15, 2021. Furthermore, the Objecting Insurers do not object to this Court entering a bridge order extending the specific relief granted in the PI Order. Absent such an order, the PI Order will expire on January 14, 2022. *See* PI Order, page 7.

2. The Objecting Insurers, however, file this Limited Objection and Reservation of Rights to (a) correct certain misstatements made by the Debtor in its *Supplemental Memorandum of Law In Support of Preliminary Injunction Motion* [Adv. Pro. Dkt. 128] (the "Supplemental Memorandum") filed with this Court on December 8, 2021, and (b) highlight a procedural flaw in the relief sought by the Debtor. Regarding the first point, the Debtor's Supplemental Memorandum incorrectly states that the NC Bankruptcy Court "ruled that all litigation in respect of the Debtor Talc Claims against the Protected Parties is automatically stayed and should be preliminary enjoined." Supplemental Memorandum, pages 1-2; *see also* Supplemental Memorandum, page 6 ("Pursuant to the PI Order, the NC Bankruptcy Court determined that the automatic stay applies to prohibit, and also preliminarily enjoined, the commencement or

---

[3] Capitalized terms not otherwise defined herein have the meanings given to them in the PI Motion.

3

continuation of Debtor Talc Claims against the Protected Parties for 60 days (*i.e.* until January 14, 2022), subject to modification or extension by this Court.").[4]

3.  These statements are incorrect. The PI Order, by design, references only talc-related claims asserted by "***Defendants***", which are defined to mean only the plaintiffs in the talc-related lawsuits against the Debtor listed on Appendix A to the Debtor's adversary complaint. *See* PI Order, page 3. For example, the PI Order expressly provides:

- "The Court finds and concludes that Enjoined Talc Claims ***by the Defendants*** against Old JJCI are actions that are 'against the debtor' or that seek to 'recover a claim against the debtor' within the meaning of section 362(a)(1) of the Bankruptcy Code." PI Order, page 4, Recital F (emphasis added).

- "The Court further finds and concludes that Enjoined Talc Claims ***by the Defendants*** against the Protected Parties are inherently intertwined with talc-related claims against the Debtor. Therefore, application or extension of the automatic stay of section 362 of the Bankruptcy Code to Enjoined Talc Claims ***by the Defendants*** against the Protected Parties is warranted because those actions or claims are "against the debtor" or seek "to recover a claim against the debtor" within the meaning of section 362(a)(l) of the Bankruptcy Code." PI Order, page 4, Recital H (emphasis added).

- "***The Defendants*** are prohibited and enjoined, pursuant to sections 105 and 362 of the Bankruptcy Code, from commencing or continuing to prosecute any Enjoined Talc Claim against any of the Protected Parties, on any theory of liability, whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise, for the period this Order is effective pursuant to paragraph 4, below." PI Order, page 7, paragraph 2 (emphasis added).

- "In addition, and without limiting the foregoing, the Court finds and declares that the commencement or continued prosecution of any Enjoined Talc Claim ***by any Defendant*** against any of the Protected Parties, including the actions listed in the last sentence of paragraph 2, above, would violate the automatic stay imposed by sections 362(a)(l) and 362(a)(3) of the Bankruptcy Code and therefore are

---

[4] The Supplemental Memorandum contains numerous other misstatements regarding the scope of the PI Order. *See, e.g.,* Supplemental Memorandum, page 33 ("Judge Whitley ruled that litigation against the Protected Parties was automatically stayed and should be enjoined for 60 days….He then found that the prosecution of the Debtor Talc Claims against the Protected Parties is automatically stayed….In so ruling, he found that talc-related claims against J&J were essentially claims against the Debtor."); Supplemental Memorandum, page 34 ("In addition, Judge Whitely ruled that, while actions against the Protected Parties are automatically stayed, a preliminary injunction under section 105 should be issued as requested by the Debtor 'to remove all doubt.'").

prohibited for the period this Order is effective pursuant to paragraph 4 below." PI Order, page 7, paragraph 3 (emphasis added).

4. Because the PI Order applies only to talc-related claims asserted by Defendants, the PI Order does not address whether the pending New Jersey Coverage Action is stayed or should be enjoined, as none of the parties in the New Jersey Coverage Action are Defendants. Indeed, the Debtor's special insurance counsel, McCarter & English, LLP, *expressly acknowledged* this fact:

> "Eileen and Steve, We have conferred with Jones Day and can confirm that the proposed [PI] Order that we discussed today will only apply to Defendants in the adversary proceeding in the LTL bankruptcy and will not address whether or not the coverage action is stayed or should be enjoined. Our client reserves all of its rights, and affirmatively does not waive any arguments, regarding the nature and scope of the automatic stay, or otherwise."

*See* email dated October 29, 2021 from Thomas Ladd, Esq. attached as <u>Exhibit A</u> to the *Declaration of Katherine Scherling in Support of Limited Objection and Reservation of Rights of the New Jersey Coverage Action Plaintiff-Insurers Regarding Debtors' Preliminary Injunction Motion* (the "<u>Scherling Declaration</u>").

5. The Objecting Insurers recognize that the Debtor is taking the position that the New Jersey Coverage Action is subject to the Bankruptcy Code's automatic stay. The Objecting Insurers disagree with that position, and that dispute may be the subject of a forthcoming motion to be filed with the Court by the Objecting Insurers to the extent the matter cannot be resolved consensually. But the point is that the PI Order does not, by the Debtor's own admission, address whether the New Jersey Coverage Action is subject to the automatic stay.

6. Accordingly, the Objecting Insurers file this Limited Objection and Reservation of Rights to make clear that (i) the PI Order, by design, references only talc-related claims asserted

5

by Defendants, and (ii) the PI Order does not "address whether or not the [New Jersey] coverage action is stayed or should be enjoined."

7. Moreover, as noted above, the Objecting Insurers object to the relief sought to the extent the Debtor is seeking – improperly – to expand the scope of the relief granted in the PI Order to apply to parties other than Defendants. To date, the Debtor has not filed a proposed form of Order. As a result, parties in interest, including the Objecting Insurers, can only speculate as to the specific relief that the Debtor is seeking. It is not clear whether the Debtor is seeking only a bridge order to extend the specific relief granted in the PI Order or far more expansive relief. As such, the Debtor should be directed to immediately file a proposed form of Order with the Court, and parties in interest must be afforded sufficient notice and an opportunity to object, if necessary, to the relief the Debtor is seeking once such relief has in fact been disclosed.

[remainder of page intentionally omitted]

**CONCLUSION**

8.      For the foregoing reasons, the Court should not expand the scope of the PI Order to enjoin the New Jersey Coverage Action, to the extent that is what the Debtor is seeking to accomplish by misstating the current scope of the PI Order.

Dated: December 21, 2021

By:    */s/ Louis Modugno*
        Louis A. Modugno
        TRIF & MODUGNO LLC
        89 Headquarters Plaza North Tower, Suite 1201
        Morristown, New Jersey 07960
        (T) (973) 547-3611
        (F) (973) 554-1220
        lmodugno@tm-firm.com

- and -

Shaya Rochester (*pro hac vice pending*)
Katherine Scherling (*admitted pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Email: shaya.rochester@katten.com
       katherine.scherling@katten.com

- and -

Eileen McCabe (*admitted pro hac vice*)
Stephen Roberts (*admitted pro hac vice*)
MENDES & MOUNT LLP
750 Seventh Avenue
New York, New York 10019
Email: eileen.mccabe@mendes.com
       stephen.roberts@mendes.com

*Co-Counsel to the Objecting Insurers*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 21-30589 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date: January 11, 2022** |
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>　　　　　Defendants. | Adv. Pro. No. 21-03032 (MBK) |

**DECLARATION OF KATHERINE SCHERLING IN SUPPORT OF LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE NEW JERSEY COVERAGE ACTION PLAINTIFF-INSURERS REGARDING DEBTOR'S <u>PRELIMINARY INJUNCTION MOTION</u>**

I, Katherine Scherling, declare as follows:

　　　　1.　　I am a partner at the firm Katten Muchin Rosenman, LLP. I submit this declaration in support of the *Limited Objection and Reservation of Rights of the New Jersey Coverage Action Plaintiff-Insurers Regarding Debtor's Preliminary Injunction Motion* (the "<u>Motion</u>"),[2] filed on December 21, 2021.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

151495603

2. Attached as Exhibit A is a true and correct copy of the email from Thomas Ladd, Esq. to Eileen McCabe, dated October 29, 2021.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 21, 2021
      New York, NY

*/s/ Katherine Scherling*
Katherine Scherling

151495603

# EXHIBIT A

**Scherling, Katherine**

| | |
|---|---|
| **From:** | McCabe, Eileen T. <Eileen.McCabe@mendes.com> |
| **Sent:** | Friday, October 29, 2021 12:27 PM |
| **To:** | Scherling, Katherine; Rochester, Shaya |
| **Cc:** | Roberts, Stephen T. |
| **Subject:** | FW: J&J/Talc Litigation |

*EXTERNAL EMAIL – EXERCISE CAUTION*



**Eileen McCabe | Equity Partner**
**Mendes & Mount, LLP**
750 Seventh Avenue **|** New York, New York 10019
T: (212) 261-8283 **|**  F: (212) 261-8750
Eileen.Mccabe@Mendes.Com **|** www.Mendes.com

**From:** Ladd, Thomas [mailto:TLadd@McCarter.com]
**Sent:** Friday, October 29, 2021 12:26 PM
**To:** McCabe, Eileen T.; Roberts, Stephen T.
**Cc:** Kahn, Brett; Farina, Jennifer
**Subject:** [External] J&J/Talc Litigation

Eileen and Steve,  We have conferred with Jones Day and can confirm that the proposed Order that we discussed today will only apply to Defendants in the adversary proceeding in the LTL bankruptcy and will not address whether or not the coverage action is stayed or should be enjoined.  Our client reserves all of its rights, and affirmatively does not waive any arguments, regarding the nature and scope of the automatic stay, or otherwise.  We will keep an eye out for your draft letter to the New Jersey Court requesting an adjournment of the status conference scheduled for November 8th.  Regards,  Tom



**Thomas W. Ladd | Partner**
McCarter & English, LLP
Four Gateway Center, 100 Mulberry Street | Newark, NJ 07102

tladd@mccarter.com | www.mccarter.com | V-Card
T 973.639.7986     M 973.752.1068

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

**We are committed to helping you navigate the COVID-19 crisis. Please visit our Coronavirus Resource Center for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our COVID-19 Taskforce.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-
This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential.If you are not the intended recipient, you are hereby notified that you have received this transmittal in error and that any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you have received this communication in error, please notify us immediately by reply or by telephone, (call us at 212-261-8000) and immediately delete this message and all its attachments.
=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-