**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)
ATTORNEYS FOR DEBTOR

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Judge: Michael B. Kaplan |
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>                Plaintiffs,<br><br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>                Defendants. | Adv. Pro. No. 21-03032 (MBK) |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**THIRD SUPPLEMENTAL DECLARATION OF JOHN K. KIM
IN SUPPORT OF DEBTOR'S OMNIBUS REPLY IN
SUPPORT OF THE PRELIMINARY INJUNCTION MOTION**

John K. Kim, being first duly sworn, deposes and states as follows:

1. I am the Chief Legal Officer of LTL Management LLC, a North Carolina limited liability company (the "Debtor") and the debtor in the above captioned chapter 11 case. I have held this position with the Debtor since its formation on October 12, 2021.

2. I am employed by Johnson & Johnson Services, Inc. ("J&J Services"), a non-debtor affiliate of the Debtor and a subsidiary of the Debtor's ultimate non-debtor parent company, Johnson & Johnson ("J&J"). Just prior to my role as the Chief Legal Officer of the Debtor, I was J&J's Assistant General Counsel, Practice Group Lead for the Product Liability Litigation Group. I began my employment with J&J and its affiliates in 2001 as a Senior Counsel in the Litigation Group, handling a variety of cases ranging from commercial disputes and international arbitrations to product liability litigation. In these roles, I became familiar with the types of documents described below in this Declaration and am capable of testifying about them.

3. The facts and statements set forth in this Declaration are based on: (a) my personal knowledge; (b) information supplied to me by other members of management, professionals, or employees; (c) my review of relevant documents; and/or (d) my opinion based upon my experience and knowledge. If called upon to testify, I could and would testify to the facts and opinions set forth in this Declaration.

4. A true and correct copy of Personal Products Co. Product Specification for Shower to Shower Deodorant Body Powder, JNJ 000058735, dated April 11, 1980, is attached as Exhibit A. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no

signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

5. A true and correct copy of Personal Products Co. Request for Clinical Test of Shower to Shower, JNJ 000276279, dated July 29, 1981, is attached as Exhibit B. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

6. A true and correct copy of Johnson & Johnson Major Executive Committee Actions, LTL 0019687, dated 1986, is attached as Exhibit C. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

7. A true and correct copy of Johnson & Johnson and Johnson & Johnson Consumer Inc.'s verified Responses to Plaintiff's Supplemental Interrogatories and Document Requests in <u>Harpster v. Brenntag N. Am. et al.</u>, No. MID-L-08173-19 (N.J. Super. Ct.), dated April 18, 2020, is attached as Exhibit D.

8. A true and correct copy of excerpts from Dr. John Hopkins' sworn trial testimony on July 30, 2019 in <u>Hayes v. Colgate-Palmolive Co</u>., No. 16-CI-03503, in the Jefferson Circuit Court of Kentucky, is attached as Exhibit E.

      9.      A true and correct copy of excerpts from Dr. Hopkins' sworn deposition testimony on October 1, 2019 in O'Hagan v. Johnson & Johnson in the Superior Court of California, County of Alameda, is attached as Exhibit F.

      10.      A true and correct copy of excerpts from Dr. Hopkins' sworn deposition testimony on September 27, 2018 in Leavitt v. Johnson & Johnson in the Superior Court of California, County of Alameda, is attached as Exhibit G.

      11.      A true and correct copy of excerpts from Dr. Susan Nicholson's sworn deposition testimony on September 22, 2020 in Monroe v. Johnson & Johnson, No. 2018RCSC01222, in the State Court of Richmond County, State of Georgia, is attached as Exhibit H.

      12.      A true and correct copy of excerpts from Dr. Edwin Kuffner's sworn deposition testimony on October 30, 2021 in this proceeding, is attached as Exhibit I.

      13.      A true and correct copy of the Minutes of the Annual Meeting of Directors of Windsor Minerals, Inc., WTALC00002221, date April 25, 1979, is attached as Exhibit J.  This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

      14.      A true and correct copy of the Minutes of the Annual Meeting of Directors of Windsor Minerals, Inc., WTALC00002224, dated October 8, 1979, is attached as Exhibit K. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text

alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

15. A true and correct copy of a Letter from U.S. Dept. of Labor, Mine, Safety & Health Admin., to Windsor Minerals, Inc., WTALC00000381, dated September 21, 1983, is attached as Exhibit L. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

16. A true and correct copy of a Letter from U.S. Dept. of Labor, Mine, Safety & Health Admin., to Windsor Minerals, Inc., WTALC00000663, dated September 12, 1985, is attached as Exhibit M. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

17. A true and correct copy of a Letter from M. Palenik, Walter McCrone Assocs., Inc., to R. Miller, Windsor Minerals, Inc., JNJ 000347440, dated June 4, 1984, is attached as Exhibit N. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

18. A true and correct copy of a Letter from I. Stewart, McCrone Associates, Inc., to D. Benninger, Armstrong World Indus., Inc., JNJ 000314361, dated May 21, 1987, is attached as Exhibit O. This document (i) is more than 20 years old, (ii) is in the form and

condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

19. A true and correct copy of a Windsor Minerals, Inc. Memorandum on 1982 Operational Strategy Plan for Hammondsville Mine, WTALC00008505, dated January 5, 1982, is attached as Exhibit P. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

20. A true and correct copy of a Johnson & Johnson Baby Products Co. Memorandum on Support to Baby Products Company Departments, JNJ000249909, dated October 31, 1980, is attached as Exhibit Q. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

21. A true and correct copy of a Memorandum from James Utaski, Pres., Johnson & Johnson Baby Products Co., JNJTALC000466320, dated March 12, 1982, is attached as Exhibit R. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

22. A true and correct copy of a Johnson & Johnson Baby Products Co. Memorandum on Recommendation to Windsor Minerals for Improving the Prevention of Microbial Contamination, JNJ000870963, dated September 3, 1985, is attached as Exhibit S. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

23. A true and correct copy of a Johnson & Johnson Baby Products Co. Memorandum on Audit of Windsor Minerals, JNJ000885770, dated May 28, 1987, is attached as Exhibit T. This document (i) is more than 20 years old, (ii) is in the form and condition of like legal records from this period and is to the best of my knowledge regular on its face with no signs of text alterations, and (iii) was stored in a location where I would expect legal documents of its kind to be located in the regular course of legal document retention.

24. A true and correct copy of the unpublished opinion in <u>Echevarria v. Johnson & Johnson et al.</u>, No. B286283, in the Court of Appeal of the State of California, Second Appellate District, July 9, 2019, is attached as Exhibit U.

25. I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 5, 2022                    /s/ John K. Kim
                                          John K. Kim